IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3057 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CEDRIC PAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

In a letter dated June 30, 2008, Mr. Payne asked me to force the government to file a Rule 35 motion.  (Filing 60.)  That motion was an apparent response to a letter sent to me by Janice M. Lipovsky, Special Assistant United States Attorney, dated June 23, 2008, a copy of which was provided to Mr. Payne.

Ms. Lipovsky's letter states in pertinent part as follows:

> In regards to the letter from Mr. Payne regarding the status of his Rule 35 hearing, I have reviewed all the information in my file and contacted law enforcement.  The case passed through a number of prosecutor's hands prior to my receiving it.  At the present time, there is an active investigation pending with one and possibly two targets about whom Mr. Payne provided information.  Unfortunately, I am unable to give you a precise date as to when the final decision to either proceed with prosecution or decline further action will take place. The case officer is aware of the need for a speedy resolution of this question and is increasing his efforts.
>
> As you know, the more assistance the United States Attorney can document as having been provided by the defendant, the better position the defendant will be in when it comes time for the Rule 35(b) motion to be heard. In his letter, Mr. Payne mentions three cases in which he believes he provided assistance.  I was already aware of those cases and what assistance was provided.  I also note that in his post script, Mr. Payne claims that Dave Stempson promised him a certain percentage of departure.  I was not present at that meeting, but I know that the prosecutors are trained and understand that the percentage of departure requested by this office is determined solely by the Untied States Attorney. The actual departure, if any, is a decision made by the court.  From past conversations with Mr. Stempson, I know that he was aware of this office's policy in regards to Rule 35 departure motions.

Mr. Payne was sentenced on October 24, 2006, to 11 years and eight months in prison. I do periodic reviews of my case files containing pending Rule 35 cases–those that have been filed and those that are under consideration for such a motion. I will continue to monitor Mr. Payne's case and press my case officer for a timely resolution of the pending investigation.

Absent a substantial threshold showing that the government is acting irrationally, or invidiously discriminating against Mr. Payne, I have no power to compel the government to do anything. Mr. Payne's letter does not provide a substantial threshold showing. Therefore,

IT IS ORDERED that:

(1)     Mr. Payne's letter (filing 60), construed as a motion, is denied.

(2)     The Clerk of Court shall provide a copy of this memorandum and order to Mr. Payne and counsel of record.

July 11, 2008.                              BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge